United States District Court
Middle District of Florida
Jacksonville Division

**SIMONA MCKENZIE,**

    *Plaintiff,*

v.                                        NO. 3:25-cv-922-MMH-PDB

**HANNAH JO SINNETTE,**

    *Defendant.*

## Report and Recommendation

The plaintiff, a Florida citizen proceeding without a lawyer, sues the defendant, a Georgia citizen, for alleged state-law violations based on allegations of stalking and other unlawful conduct. Doc. 1. The plaintiff demands $3 million in damages. Doc. 1 at 4. The plaintiff also applies to proceed without prepaying fees or costs, Doc. 2, and moves to seal her address, Doc. 3.

The undersigned struck the complaint because it was unsigned, Doc. 1, and directed the plaintiff to file a signed complaint by September 16, 2025, Doc. 5. The undersigned explained that an unrepresented party must personally sign every paper and directed the plaintiff to resources for unrepresented litigants. Doc. 5. Since the order, the plaintiff has mailed to the court two USB flash drives containing "evidence" of the alleged stalking and unlawful conduct, *see* Doc. 6, but has not filed a signed complaint.

A court may dismiss a case for failure to comply with an order. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal with

prejudice is appropriate "only in extreme circumstances"; there must be a clear record of delay or willful conduct that lesser sanctions would be insufficient to correct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoted authority omitted).

Here, no extreme circumstance is present. Dismissal without prejudice is warranted for failure to comply with the order directing the plaintiff to file a signed complaint, Doc. 5.

The undersigned **recommends** (1) dismissing the action without prejudice and (2) directing the clerk to terminate the pending motions, Docs. 2, 3, and close the file.

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "A party failing to object to … findings or recommendations … in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on September 22, 2025.

*Patricia D. Barksdale*
Patricia D. Barksdale
*United States Magistrate Judge*

c:   Simona McKenzie